UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR 05-35T |
| | : | |
| v. | : | |
| | : | |
| KING L. CHAN | : | |

GOVERNMENT'S MEMORANDUM IN RESPONSE TO DEFENDANT
CHAN'S MOTION FOR RETURN OF PERSONAL PROPERTY

On September 28, 2005, defendant King Chan ("Chan") filed a motion for return of his personal property that was seized by law enforcement in this case. Although Chan cited Rule 41(c), the return of property seized pursuant to a search warrant is now governed by Rule 41(g) of the Federal Rules of Criminal Procedure, which provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."

A motion under Rule 41(g) is treated as a motion in equity, in which "courts will determine all the equitable considerations in order to make a fair and just decision." United States v. Grangerhowell, 425 F.3d 971 (11th Cir. 2005). In order for a district court to grant a Rule 41(g) motion, "the owner of the property must have clean hands." See Grangerhowell, 425 F.3d at 973, *citing* Gaudiosi v. Mellon, 269 F.2d 873, 881-882 (3d Cir. 1959). As the Eleventh Circuit noted in Grangerhowell, "one engaged in criminal conduct comes into court with 'extremely unclean hands'" and is "hardly entitled to equitable relief." Id.

Although Chan appears to have failed to meet the standards under Rule 41(g), the United States has no interest in keeping possession of items seized from Chan's residence that are not of evidentiary value. To that end, the undersigned has instructed law enforcement officers to return

to Chan's family all items seized that are not of evidentiary value. However, as Chan was only recently convicted and sentenced, the time has not expired by which Chan may seek to challenge his conviction. Therefore, the United States cannot at this juncture return items seized that are of evidentiary value to the prosecution.

The United States does wish to note that it does not ever intend to return to defendant the sawed-off shotgun that was seized from his residence. Not only is that particular firearm prohibited (and extremely dangerous), but defendant is now a convicted felon who cannot legally possess firearms. As the Grangerhowell court held, if an individual is a convicted felon, that individual will not be entitled to the return of seized firearms, either directly or indirectly, because "[r]equiring a court to return firearms to a convicted felon would not only be in violation of a federal law, but would be contrary to the public policy behind the law." Grangerhowell at 974, *citing* United States v. Felici, 208 F.3d 667 (8th Cir. 2000).

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

ROBERT CLARK CORRENTE
United States Attorney

Lee Vilker

LEE H. VILKER
Assistant U.S. Attorney

Dated: November 2, 2005

## CERTIFICATE OF SERVICE

I, Lee Vilker, hereby certify that on this 2nd day of November, 2005 I served by overnight mail a copy of the within Government's Memorandum on the following counsel of record:

Lee Vilker

John M. Cicilline, Esq.
387 Atwells Avenue
Providence, R.I. 02909