King L. Chan
2856 West Shore Road
Warwick, Rhode Island
02886

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

2005 DEC -1 A 11:36

FILED IN CLERKS OFFICE
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

KING LEE CHAN ) Criminal No. USCA 05-2427

Defendant-Appellant ) Motion for permission to proceed In Forma Pauperis

v. )

UNITED STATES OF AMERICA )

Appellee )

To the Honorable Judge of said court:

Comes now the defendant-petitioner, King L. Chan, moves the court for an order permitting him to proceed In Forma Pauperis to prosecute his appeal.

1. This motion is authorized by the provisions of Section 1915 of Title 28 of the United States Code, and by Rule 24(b) of the Federal Rules of Appellate Procedure.

2. The required Affidavit of King L. Chan, which is attached in support of this motion, shows that King L. Chan is a person unable to afford a private attorney, pay fees or give security therefore within the meaning of Section 1915(a)(1) of Title 28.

3. King L. Chan has timely filed his notice of Appeal with the District Court of Rhode Island on September 16, 2005.

4. King L. Chan desires to assert, in his appeal, that his attorney had an immediate, major conflict of interest, which both he and the courts ignored, and did not disclose, even though they both had a legal and moral duty to inform an accused of such conflict. District Court breached plea agreement and accepted a coerced and involuntary guilty plea. Counsel misrepresented the Federal Sentencing Guidelines, in violation of the Sixth Amendment of the United States Constitution.

5. These assertions described above are arguable assertions of law, and are in fact supported by various authorities including the American Bar Association, Rules of Professional Conduct, Rule 1.2(e); Rule 1.7(a) & (b), Ethics Rules 1,3, 4,5,7. Fed.R.Crim.P. 35. Fed.R.Crim.P. 11. U.S. v. McCoy, 215 F.3d 102; U.S. v. Granados, 168 F.3d 343.

6. In seeking to proceed in forma pauperis, King L. Chan is not required to establish that he will actually prevail on these proceedings, but only that he desires to assert arguments that are not frivolous. See, e.g., Free v. United



DOCKETED

States, 879 F.2d 1535, 1536 (7th Cir. 1989). An action is not frivolous within the meaning of Section 1915 when it asserts any contention that is, conceivably, arguable. See, e.g., Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). As noted in Paragraph 5 of this Motion, there is authority that supports that arguments that King L. Chan desires to assert in these proceedings.

For all of the reasons stated in this motion, King L. Chan respectfully requests that this motion be granted.

Dated: 11-28-05

King Chan

King L. Chan
Petitioner

**GRANTED**

Ernest C. Torres

Ernest C. Torres
Chief, US District Judge

1/3/06

June Maria Carlton

June Maria Carlton
Notary Public
My Commission Expires 4/2/2006
State of Rhode Island